## Case No. 9,843.

### MORRISON v. BENNET et al.

[1 McLean, 330.] [1]

Circuit Court, D. Ohio. Dec. Term, 1838.

COURTS—FEDERAL JURISDICTION—CITIZENSHIP.

In this case the writ issued against Henry Bennet and one Stewart. It was returned served on Bennet; non est as to Stewart. The declaration averred that the plaintiff was a citizen of New York, and the defendant Bennet, a citizen of Ohio, and that the writ which had issued against Stewart was returned non est, &c., no averment being made in the declaration of his citizenship. A plea to the jurisdiction was filed. [The plea was overruled.]

[Cited in Doremas v. Bennet, Case No. 4,001.]

[This was an action by Hamilton Morrison against Bennet and others.]

Mr. Page, for plaintiff.

Mr. Powers, for defendant.

OPINION OF THE COURT. The limited nature of the jurisdiction of this court gives rise to a great number of questions on that point. It is a well settled principle, that the court can take no jurisdiction in a case where there are several plaintiffs or defendants, unless each individual as plaintiff or defendant has a right to bring his suit in the court, or is liable to its process. And it is also settled, that if the declaration do not contain averments, showing that the court has jurisdiction, it is defective, and advantage may be taken of the defect by demurrer, motion in arrest of judgment, or on a writ of error. Bingham v. Cabot, 3 Dall. [3 U. S.] 382; Emory v. Greenough, Id. 369; [Turner v. Eurille] 4 Dall. [4 U. S.] 7; Abercrombie v. Dupuis, 1 Cranch [5 U. S.] 343. In this case it is contended that there is no averment in the declaration showing that Stewart is a citizen of Ohio, which is necessary to give the court jurisdiction between him and the plaintiff. And the statute of the state is referred to, which authorizes the plaintiff to proceed to judgment against the defendant on whom the process has been served, and afterwards make the other persons named in the writ, who could not be found, parties to the judgment by a scire facias. And that in this proceeding, the burden of proof is thrown on the defendants, as they are called on to show why they should not be made a party to the judgment. It is clear that the court can take no jurisdiction as between the plaintiff and Stewart. He may be a citizen of the state of New York, or of some other state than the state of Ohio, and in such case, the court have

no jurisdiction. One of the parties must be a citizen of the state where the suit is brought or the process must be served on him within the state. And the declaration should show the citizenship of the parties. This being the case, if the proceeding against Bennet, on whom the process has been served shall prejudice the rights of Stewart, the plea must be sustained. If the court have no jurisdiction as between the plaintiff and Stewart, no proceedings can be had against him, under the statute, to make him a party to the judgment. And if this cannot be done, will the judgment against Bennet, in any respect, affect the rights of Stewart? Will not the case be as open to him to contest the validity of the obligation on which the action is brought, after this judgment as before it? This will not be controverted. Under the statute, the proceeding against Bennet is authorized, but further than this the plaintiff cannot proceed. A question somewhat similar to this arose in the case of Cameron v. McRoberts, 3 Wheat. [16 U. S.] 591, in which the court decided that "where M., a citizen of Kentucky, brought a suit in equity, in the circuit court of Kentucky, against C. stated to be a citizen of Virginia, and I. and E. without any designation of citizenship, all the defendants appeared and answered, and a decree was pronounced, in the circuit court of Kentucky, for the plaintiff. And the court held that if a joint interest vested in C. and the other defendants, the court had no jurisdiction in the case; but if a distinct interest vested in C., so that substantial justice, so far as he was concerned could be done, without affecting the other defendants, the jurisdiction of the court might be exercised as to him alone. In the case of Craig v. Cummins [Case No. 3,331], Mr. Justice Washington decided, in a case situated in all respects like the present one, the jurisdiction could be sustained. And it is believed that the statute of Pennsylvania, under which the proceeding was had, was similar to the Ohio statute.

Upon the whole, the court think the jurisdiction may be sustained. as against the defendant Bennet, and the plea is overruled. Judgment for the plaintiff.